## ETTA HOEY v. FIRST NATIONAL BANK & TRUST COMPANY AND ANOTHER.[1]

June 28, 1937.

No. 31,443.

*John G. Priebe,* for relator.

*Kingman, Cross, Morley, Cant & Taylor,* for respondents.

PER CURIAM.

This case comes here upon a writ of *certiorari* to review an order of the district court denying a petition for a further extension of the period of redemption from a sale under a mortgage which had been foreclosed by the respondent as trustee under the will of Kate L. Dunwoody, deceased. The property had been bid in at a foreclosure sale held September 20, 1932, for the sum of $4,491.08. Prior to September 20, 1933, application was made by the mortgagor for an extension of the redemption period, and the court ordered it

[1] Reported in 274 N. W. 239.

extended until May 1, 1935, requiring the payment of $30 per month, commencing December 5, 1933. The mortgagor failed to make about half of the payments required by that order, but no attempt was made to place her in default, and in September, 1935, a stipulation was entered into reinstating her and all her rights and requiring further payments. The period of redemption was extended to March 1, 1937, and it is an order refusing further to extend the period of redemption that is under review by this writ of *certiorari.*

The trial court found that the value of the premises did not exceed $5,500, and we find in the record abundant evidence to support such a finding. It is also conceded that the amount of the bid which resulted in the sheriff's certificate was $4,491.08 and that the accumulated interest to April 10, 1937, was $1,124.69. The taxes from 1930 through 1935 could be settled for 80 per cent of their face value; and those taxes, plus the 1936 taxes, amount to $1,732.54, making an aggregate of $7,348.31, from which should be deducted the sum of $922 paid between December 5, 1933, and February 15, 1937, leaving the net amount due $6,426.31, or almost $1,000 more than the value of the property as found by the court. Such being the case, the evidence abundantly sustains the order, and we may not reverse it.

Order affirmed.